UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No.  1:22-cr-0164-JMS-TAB |
| RANDY C. DAUGHERTY, | ) ) | - 01 |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

On July 18, 2023, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on June 26, 2023. Defendant Daugherty appeared in person with his appointed counsel William Dazey. The United States appeared by Samantha Spiro, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Angela Smith.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3583:

1.  The Court advised Defendant Daugherty of his rights and provided him with a copy of the petition.  Defendant Daugherty orally waived a preliminary hearing.

2.  Defendant Daugherty admitted Violation Numbers 2 and 3. [Dkt. 9].  The Government orally moved to withdraw the remaining violation, and said motion was granted by the Court; Violation Number 1 was dismissed.

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"You shall not use or possess alcohol."** |
| | Mr. Daugherty admitted to consuming alcohol to this officer during a home visit on January 9, 2023. He further admitted to his treatment therapist that he consumed a pint of vodka on March 12, 2023. On June 6, 2023, he admitted to consuming alcohol on April 16, 2023. |
| 3 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."** |
| | On January 23, 2023, this officer received confirmation from a drug screen collected on January 9, 2023, and it was positive for THC metabolite which indicated marijuana use. On June 6, 2023, Mr. Daugherty tested positive for marijuana. |

4. The parties stipulated that:

   (a)   The highest grade of violation was a Grade C violation.

   (b)   Defendant's criminal history category was III.

   (c)   The guideline range of imprisonment applicable upon revocation of supervised release, therefore, was 5 to 11 months' imprisonment.

5. The parties jointly recommended a sentence of 5 months with 3 years of supervised release to follow.

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), (*see* 18 U.S.C. § 3583(e)), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 5 months with 3 years of supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release should be imposed:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer.

2. The defendant shall report to the probation officer and shall submit a truthful and completed written report within the first five day of each month.

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall support his or her dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify the probation officer ten days prior to any change in residence or employment.

7. The defendant shall not frequent places were controlled substances are illegally sold, used, distributed, or administered.

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted to do so by the probation officer.

9. The defendant shall permit a probation officer to visit him or her at anytime at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

10. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

11. The defendant shall not enter into any agreement to act as an informer or a special agent of the law enforcement agency without the permission of the court.

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

    Justification: Conditions 1-12 are considered administrative in nature and will enable the probation officer to effectively supervise the offender in the community.

13. The defendant shall participate in a sex offender counseling program approved by the U.S. Probation Office, and shall abide by the policies of the program, and pay the costs of the program.

Justification: Given the offender's conviction, this condition will allow for treatment services to assist in holding him accountable and protect the community.

14. The defendant shall comply with any sex offender registration laws of any state in which he resides, is employed carries on a vocation, or is a student.

    Justification: The offender is required to register by Indiana law.

15. The defendant shall not be employed in any capacity that may cause the defendant to come in direct contact with children under the age of 18, except under circumstances approved in advance by the supervising probation officer. The defendant shall not participate in any voluntary activity that may cause the defendant to come into direct contact with children under the age of 18, except under circumstances approved in advance by the defendant's probation officer.

16. The defendant shall have no direct contact with any children under the age of 18 unless accompanied by and supervised by an adult who has been approved in advance by the sex offender treatment counselor and the supervising probation officer. The defendant shall immediately report any unauthorized contact with children to the sex offender treatment counselor and to the probation officer.

    Justification: Conditions 15-16 are necessary to protect against the victimization of children and the community.

17. The defendant shall submit to the USPO conducting an initial computer inspection/search or the defendant's computer system(s) which arc subject to examination and monitoring, which may include retrieval and copying of all memory from hardware/software and/or removal of such systems(s) for the purpose of conducting a more thorough inspection. An officer may conduct a subsequent search pursuant to this condition only when reasonable suspicion exists that the defendant is in violation of the court's no computer condition, or is in possession of child pornography, as defined in 18 U.S.C. 2256(8). Any search must be conducted at a reasonable time and in a reasonable manner.

18. The defendant will consent to having installed on computer(s) which arc subject to examination and monitoring at the defendant's expense, any hardware/software to monitor the defendant's computer use or prevent access to particular materials. The defendant hereby consents to periodic inspection of any such installed hardware/software to insure it is functioning properly.

19. The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers (as defined in 18 USC 1030(c)(1) other electronic communications or data storage devices or media], or office, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conducted a search pursuant to this condition only when reasonable suspicion exists that the defendant is in violation of the court's no

    computer condition, or is in possession of child pornography, as defined in 18 USC 2256(g). Any search must be conducted at a reasonable time and in a reasonable manner.

20. The defendant shall participate in and abide by the rules of the Computer Restriction & Monitoring Program.

21. The defendant is prohibited from accessing the Internet via cellular phone, and is prohibited from possessing any cellular phone that has WI-FI connection capabilities. In addition, the defendant is prohibited from utilizing features that allow the exchange of instant messages, data, photographs, and e-mails. The defendant shall only possess one cellular phone, unless otherwise approved by the supervision USPO. Additionally, the defendant is prohibited from making changes in cellular phone or service, without preapproval of the supervision USPO.

    Justification: Conditions 17-21 will protect the community and online community from the offender's predatory activities, as well as provide accountability for his actions.

22. The defendant shall not rent or use a post office box or storage facility without authorization from the USPO.

    Justification: Given his conviction in the instant offense, this conditions will ensure the offender does not have additional places to store unauthorized devices or media.

23. The defendant shall provide the USPO with accurate information about the defendant's entire computer system (hardware/software), all passwords used by the defendant, and the defendant's Internet Service Provider(s).

24. The defendant shall cease any use or activity on any computer subject to examination and monitoring until the computer can be processed by the Special Offender Specialist or designee to comply with the monitoring ordered by the Court.

    Justification: Conditions 23-24 will protect the community and online community from the offender's predatory activities, as well as provide accountability for his actions.

25. The defendant shall provide the USPO with all requested financial documents to monitor the defendant's compliance with the computer and Internet restrictions.

    Justification: This will allow the supervising officer to ensure the offender is complying with and paying for his computer monitoring program.

26. Unless required for employment, the defendant is prohibited from using any computer other than the one monitored by the U.S. Probation Office.

27. The defendant shall not possess or use n Linux or Macintosh computer while participating in the computer monitoring program.

5

    Justification: Conditions 26-27 will protect the community and online community from his predatory activities, as well as provide accountability for his actions.

28. The defendant shall be subject to Polygraph, Computer Voice Stress Analysis, or other similar device to obtain information necessary for supervision, case monitoring and treatment at the discretion and direction of the U.S. Probation Officer, and the defendant shall pay associated costs. The defendant shall he subjected to maintenance exams thereafter.

    Justification: Given the offender's conviction this condition will ensure the offender is being truthful and compliant with all conditions set forth by the Court.

29. The defendant shall not view, purchase, possess or distribute any form of pornography depicting sexually explicit conduct defined in 18 USC 2256(2), or frequent any place where such material is the primary product for sale or entertainment is available.

    Justification: The offender has a history of possessing child pornography. Given his conviction in the instant offense, this condition will protect the community from the offender's predatory activities, as well as provide accountability for his actions.

30. The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency, which will include testing for the detection of substance use or abuse.

31. You shall not knowingly purchase, possess, distribute, administer, or other use any psychoactive substance (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

32. You shall not use or possess alcohol.

    Justification: Conditions 30-32 will help to ensure the offender refrains from using alcohol, illicit drugs and other substances, which may impact the effectiveness of prescribed mental health medications and otherwise reduce his inhibitions.

33. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

    Justification: This condition will ensure his mental health is monitored and addressed accordingly.

Defendant reviewed the foregoing conditions, and they were reviewed by Defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

With the agreement of the parties, Condition Number 31 was modified in open court. Condition Number 31 should now read as follows:

"You shall not knowingly purchase, possess, distribute, administer, or other use any psychoactive substance (e.g., synthetic marijuana, bath salts, Spice, glue, any CBD or delta variant products, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption."

At the conclusion of the hearing, Defendant Daugherty was remanded to the custody of the U.S. Marshal.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the 14-day period to object to the Report and Recommendation.

Date: 7/20/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system